# IN THE UNITED STATE DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**                                              **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

    **DEFENDANT.**

### SECOND SUPPLEMENTAL SENTENCING MEMORANDUM

Now comes Defendant, Larry Allen Clay, Jr., by his undersigned counsel, Timothy J. Lafon, and supplements the prior Sentencing Memorandum and Supplemental Sentencing Memorandum previously filed by counsel for the Defendant.

This Supplement is to highlight that 18 U.S.C. § 3553(a) requires the Court to analyze the certain factors, including the following: (1) the nature and circumstances of the offense and the history and characteristics of the Defendant; (2) the need to reflect the seriousness of the offense; (3) promote respect for the law and provide just punishment for the offense, to afford adequate deterrence to criminal conduct (4) to protect the public from further crimes of the Defendant; and (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  The Defendant was convicted at trial of five (5) counts, two of which were the sex trafficking crimes in violation of 18 U.S.C. § 1591.  The Indictment in this matter charged the Defendant and his co-defendant Kristen Naylor-Legg with similar crimes.  The co-defendant ultimately entered into a guilty plea, pleading to the conspiracy charge and was sentenced to 108 months.

It is important to note that the each of the Defendants were charged pursuant to 18 U.S.C. § 1591 of substantially similar, if not identical circumstances. Each stand convicted of participating in this alleged scheme to sex traffic a minor. The evidence showed that although the initial idea of the sex trafficking may have been the Defendant Larry Allen Clay, Jr.'s, the co-defendant Kristen Naylor-Legg is the individual who exerted the pressure on the minor by advising the minor of the need of the family to have money and capitalizing on the victim's fear of being kicked out of her home by the co-defendant.

Since both Defendants were involved in the same crime, under virtually identical circumstances the base offense level calculation should have been the same. In addition, the five (5) point increase under U.S.S.G. § 4B1.5(b) to the extent it applies would apply to both defendants as the crime involved a pattern of conduct. Of course, the co-defendant in entering into a plea would have benefited from acceptance of responsibility and Defendant Clay would not. Otherwise, their criminal conduct was the same. The United States Attorney's office and the Probation Department seem to be advocating for a life sentence for the Defendant, Larry Allen Clay, Jr. on the sex trafficking charges. One of the goals of 18 U.S.C. § 3553(a)(6) is to avoid unwarranted sentencing disparities. Following the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), several courts have concluded that they are now free to consider as a relevant sentencing factor the need to avoid unwarranted disparities between sentences of co-defendants. *See* e.g., United States v. Lazenby, Nos. 05-2214, 05-2216, 2006 U. S. App. LEXIS 5960, at *16 (10th Cir. Mar. 10, 2006); United States v. Hensley, 363 F. Supp. 2d 843, 845 (W.D. Va. 2005); Ferrara v. United States, 372 F. Supp. 2d 108, 121 (D. Mass. 2005); United States v. Gray, 362 F. Supp. 2d 714, 719 (S.D. W. Va. 2005); United States v. Revock, 353 F. Supp. 2d 127, 129 (D. Me. 2005). It is interesting to note that one of the cases cited for this

proposition is this very Court's decision in <u>United States v. Gray</u>, 362 F. Supp. 2d 714, 719 (S.D. W. Va. 2005). The record seems to be replete with evidence that the crime committed by both co-defendants is comparable. The only primary difference is that the Defendant, Larry Allen Clay, Jr., exercised his constitutional right to stand trial. Given the nature of the Court's ability to treat the Guidelines as advisory and given the similarity between the Defendant and the co-defendant to sentence, Defendant Larry Allen Clay, Jr. to what the United States Government is advocating would create a huge sentencing disparity.

Therefore, the Defendant, moves this Honorable Court to consider the sentence of the co-defendant and the similarity of the crimes in considering the 18 U.S.C. § 3553(a) factors and for such other and further relief as this Court deems just.

**LARRY ALLEN CLAY, JR.**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Phone: (304) 343-4440
    Counsel for Defendant

IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**  **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

    **DEFENDANT.**

### CERTIFICATE OF SERVICE

I, Timothy J. LaFon, do hereby certify that the foregoing **"SECOND SUPPLEMENTAL SENTENCING MEMORANDUM"** has been served upon all parties via the Court's electronic filing system on the 12th day of December, 2024

    Jennifer Rada Herrald, Assistant U.S. Attorney
    U.S. Attorney's Office
    300 Virginia Street, East, Room 400
    Charleston, West Virginia  25301

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    Counsel for Defendant