# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**     **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

      **DEFENDANT.**

### DEFENDANT'S REPLY TO THE RESPONSE IN OPPOSITION OF THE UNITED STATES TO DEFENDANT'S MOTION TO REOPEN POST-TRIAL PROCEEDINGS AND MOTION FOR NEW TRIAL

Now comes Defendant, Larry Allen Clay, Jr., by his undersigned counsel, Timothy J. Lafon, and replies to the Response of the United States as to the issue raised by the Defendant as to unwaivable conflict.

The first defense the United States raises is that the Defendant missed the deadline for filing post-trial motions, including a Motion for New Trial. It is interesting to note that the attorney for Defendant Larry Allen Clay, Jr. at the time of post-trial motions was Sabastian Joy. The very essence of Defendant's argument is that Sabastian Joy had a conflict at the point where he was accused of what in essence was witness tampering. Obviously, failing to file the motion as to an unwaivable conflict could very well be perceived to be a conflict to counsel's best interest. Thus, the conflict is once again raised and the above perception is evidence of why this conflict is to such a degree should be unwaivable.

The United States itself in its Notice of Potential Conflict of Interest ECF No. 146 on page 5 thereof states "a conflict of interest can potentially result where there is a possible parallel investigation of trial counsel in relation to the client's case." This statement alone raised, at the very least, a strong presumption and perception of a conflict of interest. The United States was alluding to the fact that defense counsel himself may be investigated by the United States Attorney's office. What occurred thereafter was a cascade of events that bring into question whether counsel was acting in the best interest of his client. One of these perceived incidents occurred applicable to a retained expert Dr. Heining. This witness had been retained by Defendant's counsel to be a DNA expert. Mr. Joy in ECF No. 136 in which counsel for the Defendant states Dr. Heining was a DNA expert in this case. Mr. Joy stated that Dr. Heining is "imperative" to Mr. Clay's defense. But after the Notice of Conflict had been filed with the Court and Mr. Joy became aware of said conflict, this expert was not called to trial even though upon information and belief she was in attendance in the courthouse.

Secondly, in the transcript of a Motions hearing held before this Honorable Court on April 2, 2023, Mr. Joy in attempting to defend the Notice of Conflict presented to the Court transcripts of telephone conversations and/or computer communication with the co-defendant's husband. However, there was testimony given that there was a recording of a conversation that occurred at McDonalds between Mr. Joy's investigator/Mr. Joy and the Defendant's husband. On Page 61 and 62 of the transcript of said hearing, the Court ordered the Defendant's counsel to turn over the recording from said meeting at McDonalds. When the Defendant had not turned the same over, Defense counsel was reminded, and the recording was ultimately turned over. However, even though, upon information and belief, that defense counsel was presented with a transcript (at least

partial) of said conversation, the same was never presented to the Defendant. Obviously, having this information would have been very beneficial to the Defendant, prior to making a final decision to waive any conflict. This transcript was never provided to the Defendant and, therefore, the Defendant had to make his decision as to waiving any potential conflict without having knowledge of the same.

All of the above is substantiation for the fact that given the conflict between counsel and the Defendant, or even potential conflict, a fair trial could not be guaranteed.

The failure to use the letter provided by the co-defendant makes sense and only one context to keep the prosecutor from blaming the defense counsel for witness tampering. Absent that accusation, the letter is very strong cross-examination fodder. The decision not to use a retained expert that would defy the DNA evidence put on by the Government, which had been previously identified vital, makes absolutely no sense in this case absent the argument of a conflict on behalf of Sebastian Joy.

Undersigned counsel cannot fathom a scenario that would create a stronger conflict of interest and therefore, it must rise to the level of the exception of waivable conflicts and become non-waivable.

**LARRY ALLEN CLAY, JR.**

**By Counsel,**

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    1219 Virginia Street, East, Suite 100
    Charleston, West Virginia 25301
    Counsel for Defendant

# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

**V.**                                          **CRIMINAL ACTION NO. 2:21-cr-00062-1**

**LARRY ALLEN CLAY, JR.,**

      **DEFENDANT.**

## CERTIFICATE OF SERVICE

I, Timothy J. LaFon, do hereby certify that the foregoing **"DEFENDANT'S REPLY TO THE RESPONSE IN OPPOSITION OF THE UNITED STATES TO DEFENDANT'S MOTION TO REOPEN POST-TRIAL PROCEEDINGS AND MOTION FOR NEW TRIAL"** has been served upon all parties via the Court's electronic filing system on the 17th day of December, 2024

                           Jennifer Rada Herrald, Assistant U.S. Attorney
                           U.S. Attorney's Office
                           300 Virginia Street, East, Room 400
                           Charleston, West Virginia  25301

**CICCARELLO, DEL GIUDICE & LAFON**

By: /s/ Timothy J. LaFon
    Timothy J. LaFon (WV #2123)
    Counsel for Defendant